# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CLIFFORD FULWOOD,**

**Plaintiff,**

-vs-                                                    **Case No.  6:05-cv-1267-Orl-31KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B) (Doc. No. 12)** |
| **FILED:** | **December 31, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND

Plaintiff, Clifford Fulword[1], was represented at the administrative level by attorney Richard

Schwartz.  Doc. No. 12-2 ("Fulword Decl.").  Schwartz declined to represent Fulword in court and

referred him to attorney Juan Gautier.  *Id.*  Gautier agreed to represent Fulword and filed a complaint

on August 29, 2005.  Thereafter, there were no communications between Gautier and Fulword.  *Id.*

_____

[1]  While the caption of the case reflects that the plaintiff's name is Clifford Fulwood, his
declaration indications that his name is Clifford Fulword.

As Attorney Gautier failed to serve the defendant, I issued an order requiring him to show cause why the case should not be dismissed for his failure to prosecute it. Doc. No. 4. Attorney Gautier responded to the order by stating that he mistakenly failed to include summonses for issuance at the time he filed the complaint, but that he had since prepared them. Doc. No. 5. The Honorable Gregory A. Presnell, presiding district judge, ordered Fulword to effect service by March 3, 2006, and cautioned that failure to effect service would result in dismissal of the case without further notice. Doc. No. 6.

Fulword failed to file proof of service as required by Federal Rule of Civil Procedure 4(l). On March 9, 2006, Judge Presnell dismissed the case for failure to prosecute and to serve defendant by March 3, 2006, as ordered. Doc. No. 7.

On October 19, 2006, the Court entered an order suspending Attorney Gautier from membership in the Bar of this Court. Doc. No. 11 at 1. As part of that order, the Court appointed Sarah H. Bohr, Esq., as the inventory attorney for all of Attorney Gautier's then pending cases. *Id.* at 2. Bohr informed Fulword in the fall of 2006 that his case had been dismissed. Fulword Decl. Fulword was not previously aware of the dismissal. *Id.*

Under the representation of Attorney Bohr, Fulword moved on December 31, 2007, for relief from the order of dismissal. In support of the motion, Attorney Bohr filed the following: Affidavit of Fulword, doc. no. 12- 2; a copy of an order from *Washington v. Comm'r of Soc. Sec.*, Case No. 6:05-cv-1456-Orl-KRS (M.D. Fla. June 28, 2007), doc. no. 12-3; a copy of an order from *Reid v. Comm'r of Soc. Sec.*, Case No. 6:05-cv-Orl-UAM (M.D. Fla. June 13, 2007), doc. no. 12-4; a copy of an order from *Corbett v. Astrue*, Case No. 6:05-cv-1298-PCF-UAM (M.D. Fla. June 20, 2007), doc. no. 12-5; and a copy of an order from *Weltzbarker v. Barnhart*, Case No. 5:05-cv-478-Oc-10GRJ

(M.D. Fla. Dec. 1, 2006), doc. no. 12-6.  Attorney Bohr later filed a notice of supplemental authority,

citing the case of *Rogers v. Astrue*, Case No. 3:05-cv-543-16TEM (M.D. Fla. Apr. 1, 2008), doc. no.

14-2.  The Commissioner filed a response to Fulword's motion on January 13, 2008. Doc. No. 13.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 60(b) permits a party to obtain relief from a court's order

under six specified circumstances. Rule 60(b) provides in part, that:

> the court may relieve a party . . . from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence, that with
> reasonable diligence, could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or
> other misconduct by an opposing party; (4) the judgment is void; (5)
> the judgment has been satisfied, released, or discharged . . . ; or (6) any
> other reason that justifies relief. . . . The motion shall be made within
> a reasonable time, and for reasons (1), (2), and (3) not more than one
> year after the judgment, order, or proceeding was entered or taken.

## III.    ANALYSIS.

Fulword argues that the order dismissing his case for failing to prosecute it and to comply with

Court orders should be vacated under Rule 60(b)(6) because of Gautier's gross negligence.  Doc. No.

12 at 4.  Rule 60(b)(6) permits an order to be vacated for "any other reason justifying relief from the

operation of the judgment." The Eleventh Circuit has held "'that relief under this clause is an

extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'"

*Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting *Griffin v. Swim-Tech*

*Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Rule 60(b)(6) is mutually exclusive with Rule 60(b)(1). "Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). In the other cases attached to Fulword's motion, judges have found that Gautier's conduct rose to the level of gross neglect that was inexcusable. Because Attorney Gautier's actions were inexcusable, it was found that the case fell outside the parameters of Rule 60(b)(1) and could be considered under Rule 60(b)(6).

More recently, however, in a unpublished per curiam decision, the United States Court of Appeals for the Eleventh Circuit has ruled "that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6)." *SEC v. Simmons*, 241 Fed. Appx. 660, *2 (11th Cir. 2007) (citing *Solaroll Shade*, 803 F.2d at 1133).[2] Even if I were to discount the *Simmons* decision as non-binding authority, *see* 11th Cir. R. 36-2, the Eleventh Circuit has held that courts that permit attorney error to be considered under Rule 60(b)(6) require the client to establish that he was diligent despite his attorney's errors. *Solaroll Shade*, 803 F.2d at 1133.

After Gautier was retained, Fulword made no effort to contact Gautier regarding the progress of his case.[3] Even after Fulword was contacted by Attorney Bohr, he waited more than one year to bring the instant motion. Fulword provides no reason for this delay. I find that Fulword did not timely

---

[2]     Fulword could not bring this motion pursuant to Rule 60(b)(1) because this motion was filed more than one year after the order of dismissal was entered.

[3]     I note that the motion argues that Fulword was in special education and is unable to read. Doc. No. 12 at 8. This statement is not supported by Fulword's declaration. It cites to the administrative record, but that record was stricken because it was filed after the case was closed. Doc. No. 10. Even if Fulword is illiterate, that does not excuse him from making absolutely no effort to remain aware of the status of his case.

file his motion under Rule 60(b)(1) and that because he was not diligent in this matter, reopening pursuant to Rule 60(b)(6) is not warranted.

## IV.     RECOMMENDATION.

For the reasons stated above, I respectfully recommend that the  Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), doc. no. 12, be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy