**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLIFFORD FULWOOD,**

                **Plaintiff,**

**-vs-**                                  **Case No. 6:05-cv-1267-Orl-31KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**

_____

# ORDER

On April 16, 2008, Magistrate Judge Spaulding entered a Report and Recommendation (Doc. 15), recommending that Plaintiff's Motion for Relief from Judgment (Doc. 12) be DENIED. Plaintiff filed timely objections to the Report (Doc. 16). Defendant responded (Doc. 17).

**I.**     **Background**

On August 29, 2005 Attorney Juan Gautier ("Gautier") filed a complaint in this Court on behalf of Plaintiff Clifford Fulword ("Fulword")[1] against the Commissioner of Social Security ("the Commissioner"). On January 18, 2006 Judge Spaulding issued an Order to show cause why this case should not be dismissed for failure to serve the Defendant. (Doc. 4). Gautier filed a timely response (Doc. 5) to that Order, and this Court granted Plaintiff an extension of time until March 3, 2006 within which to serve the Defendant.(*See* Doc. 6). Plaintiff failed to file proof of service and on March 9, 2006 this case was dismissed for failure to prosecute. (*See* Doc. 7).

---

[1] The complaint (Doc. 1) indicates that Plaintiff's name is "Clifford Fulwood", however, Plaintiff's declaration (Doc. 12-2) indicates his name is "Clifford Fulword."

Apparently, however, Defendant had been served because the Commissioner filed an Answer (Doc. 8) on May 1, 2006. The answer was stricken because the case had already been dismissed. (*See* Doc. 10). Then, on October 19, 2006, a three-judge panel of this Court issued an Order suspending Gautier's membership in the bar of this Court due to his negligence in representing his clients. The panel also appointed attorney Sarah H. Bohr ("Bohr") as inventory attorney to review all of Gautier's pending cases. (*See* Doc. 11).

On December 31, 2007, Bohr filed the instant motion for relief from judgment, seeking to reopen this case pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1) and (6).

## II.     Standards

Rule 60 provides, in pertinent part, that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2008). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (2008).

**III.     Analysis**

Plaintiff's motion was filed more than 18 months after judgment was entered.[2] Plaintiff fails to cite to any precedent that would permit this Court to ignore the time limitations imposed by Rule 60(c)(1). Therefore, if Plaintiff is to receive relief it must come by way of Rule 60(b)(6). However, a court may not consider as reasons justifying relief under clause (6) any of the reasons justifying relief under the other five subsections of the rule. *Hall v. State of Ala.*, 700 F.2d 1333, 1338 (11th Cir. 1983) (*citing Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). The conduct that led to the dismissal in this case – previous counsel's failure to meet deadlines – would ordinarily be considered under clause (1), justifying relief so long as certain other conditions (such as an absence of prejudice to the opposing party) were met. *See*, *e.g.*, *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 730, 783 (11th Cir. 1993) (stating that, *inter alia*, "a technical error or slight mistake" by a party's attorney would warrant relief under Rule 60(b)(1)). As such, an attorney's simple failure to meet deadlines cannot serve as grounds for relief under Rule 60(b)(6).

Gautier's failure to comply with court-ordered deadlines was so widespread, occurring in more than 100 cases, that some courts have found that it rose above mere "neglect" or "mistake" to the level of "gross negligence". *See*, *e.g.*, *Reid v. Commissioner*, Case No. 6:05-cv-594-Orl-28UAM. As such, the courts held that the conduct fell outside the parameters of Rule 60(b)(1) and could be considered as a basis for relief under Rule 60(b)(6). *Id.* However, the United States Court of Appeals for the Eleventh Circuit has considered and rejected this argument. In *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986),

---

[2]The Court does not intend to suggest any lack of diligence on the part of attorney Bohr, who by all accounts has done an exemplary job in a very difficult situation.

the court noted that some other circuits "have held that attorney error comes within the scope of 60(b)(6), even though it does not constitute excusable neglect under 60(b)(1)." After noting that the courts that considered attorney error under Rule 60(b)(6) required additional showings that had not been made in the case before it, the *Solaroll Shade* court rejected that line of cases for being "at odds" with the policy that a court cannot grant relief under (b)(6) for any reason it would consider under (b)(1). *Id*. The Court of Appeals reiterated this conclusion in a recent, unpublished decision. *See S.E.C. v. Simmons*, 241 Fed.Appx. 660, 663 (11th Cir. 2007) ("In *Solaroll Shade* ... we held that claims of attorney error must be made under the more specific Rule 60(b)(1) rather than under the 'residual equitable authority' contained in Rule 60(b)(6).").

Given the particularly egregious nature of Gautier's failure to adequately represent his clients, and their apparent blamelessness, the result in this case seems inequitable. However, based on a review of *Solaroll Shade* and *Simmons*, it appears to be the law of this Circuit that attorney errors are never extraordinary enough to warrant relief under Rule 60(b)(6).

**IV.   Conclusion**

Although the instant motion is based on a failure to meet deadlines that extended over an huge number of cases, it is still, at the end of the day, based on a claim of attorney error. Per *Solaroll Shade*, such a claim can only proceed under Rule 60(b)(1). In this case, the motion for relief was filed outside of the window for a claim under Rule 60(b)(1). Accordingly, upon *de*

*novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.  It is, therefore

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed; and

2. Plaintiff's Motion for Relief from Judgment is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 30, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party